UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHARLIE HERBST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-356 PS |
| | ) | |
| JOHN VANNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

*Pro se* Petitioner Charlie Herbst, an inmate at the Miami Correctional Facility, was found guilty by a Conduct Adjustment Board (CAB) of battery and was sanctioned as a result. The CAB is an administrative body that adjudicates violations of prison rules and regulations. After exhausting his administrative remedies, Herbst petitioned for relief under 28 U.S.C. § 2254. The Response filed on behalf of Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General of Indiana has submitted the administrative record, including documents designated A through L, which sets out the proceedings before the CAB. Herbst filed a traverse.

**I.  RELEVANT FACTS**

Petitioner Charlie Herbst was charged with battery after Officer Aldredge noticed that offender Jeremy Stevens was bleeding from his nose and that there was blood splattered all over his cell. (Ex. A.) Aldredge also noticed that Herbst had blood on his knuckles and one hand appeared swollen. (*Id.*) Photographs were taken of Stevens's injuries. (*Id.*) Stevens later admitted that Herbst had hit him. (*Id.*; Ex. B.)

On March 24, 2005, Herbst was notified of the battery charges against him in case number MCF 05-03-434. (Ex. D.) At the screening, Herbst pled not guilty and requested a lay advocate, a statement from Stevens, and any "film shots" taken at the incident. (*Id.*) Herbst did not request any witnesses. (*Id.*)

The CAB hearing was held on March 31, 2005. (Ex. G.) At the hearing, Herbst admitted hitting Stevens in the nose, but said that it was an accident as they were "messing around in the cell." (*Id.*) The CAB found Herbst guilty of battery. (*Id.*) The CAB based its finding of guilt on staff reports, Herbst's statement, evidence from witnesses, and the physical evidence that consisted of photographs and a confidential statement by Offender Stevens. (*Id.*) The sanction imposed was a 90-day earned credit time loss and time served in disciplinary segregation. (*Id.*)

On appeal, the facility head upheld the finding of guilt and the sanctions based upon his review of the case file. (Ex. J.) The final reviewing authority agreed with the findings of the facility head, and denied the appeal. (Ex. L.)

## II.  STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Herbst be given: "(1) advance written notice of the charges against [him] at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence in [his] defense when consistent with institutional safety and correctional goals; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994)

2

(citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564, 566 (1974)).  For the hearing to be meaningful, the prisoner "should be afforded the opportunity to be heard before an impartial decision maker."  *Id.*

The decision must be supported by "some evidence in the record."  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  The so-called "some evidence" standard has been repeatedly applied in this circuit.  *See Webb v. Anderson*, 224 F.3d 649, 650-51 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717, 719-20 (7th Cir. 1996).  "This is a lenient standard, requiring no more than 'a modicum of evidence.'"  *Webb*, 224 F.3d at 652 (citations omitted).  Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits "so long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'"  *Id.* (citing *Hill*, 472 U.S. at 457).  "'[T]he relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board.'"  *Id.* (emphasis and alteration in original) (citing *Hill*, 472 U.S. at 455–56).

### III.  DISCUSSION

Herbst claims that the State violated his constitutional rights in four ways: (1) insufficient evidence to find him guilty; (2) access denied to a witness statement; (3) access denied to film evidence; and (4) lack of CAB impartiality.

**A.**     ***Sufficiency of the Evidence***

Herbst alleges that there was insufficient evidence to find him guilty of battery.  Specifically, he argues that there was no eyewitnesses except for Herbst and Stevens and that both of them stated that the bloody nose was accidental.  (Pet.'s Traverse at 3-4.)  The Report of Disciplinary Hearing explicitly states that the CAB relied on several pieces of evidence,

3

including staff reports, Herbst's statement, evidence from witnesses, photographs, and the confidential statement of Stevens.  (Ex. G.)

As noted, the amount of evidence needed in these types of cases is very modest.  In this case, the presented evidence easily meets the "some evidence" standard.  The Report of the Investigation of Incident explained that Stevens stated that Herbst hit him, and that Officer Aldredge saw blood on Herbst's knuckles.  (Ex. A.)  The Report of Disciplinary Hearing also contained the reason for the decision: "DHB finds offender guilty based on conduct report, photos and witness statements."  (Ex. G.)  As stated, the CAB examined the photographs, which showed Stevens's injuries and the blood around the cell.  Most importantly, Herbst *admitted* several times to hitting Stevens.  (Exs. F, G, H1.)  Thus, the CAB had sufficient evidence to find Herbst guilty of battery.  Consequently, Herbst's claim that his finding of guilt was based on insufficient evidence is denied.

## B.     *Denial of Evidence (Claims 2 & 3)*

Herbst claims that he was denied the right to present written statement from Stevens, and denied the right to review the film evidence – specifically, a videotape.  (Pet.'s Traverse at 4-5.)  He argues that the CAB refused to review the tape, and refused to give a statement as to why the tape was not reviewed.  According to the Notice of Disciplinary Hearing (Ex. D), Herbst requested a statement from Stevens and "any film shots taken at the incident" (namely, photographs).  Herbst did not request video evidence.

In *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003), the court stated that the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), "requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings."  There are two functions of *Brady* in the prison disciplinary context.  The first is to ensure that the disciplinary board considers all

4

relevant evidence. *Id.* The second is to enable the prisoner to present his best defense. *Id.* Furthermore, "[i]nmates have no right to confront and cross examine adverse witnesses; thus, a disciplinary board's decision is not limited to evidence presented at the hearing." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992).

Herbst was given notice of the charges against him. He presented his defense that he accidently hit Stevens while they were messing around in their cell, and gave such a statement to the CAB at the hearing. Moreover, all the evidence Herbst requested – a statement from Stevens and the photographs – was presented to the CAB as indicated on the Report of Disciplinary Hearing form. (Ex. G.). Herbst therefore was able to make his best defense argument to the CAB despite not having seen either the statement or the photographs at the hearing. Furthermore, the final reviewing authority informed Herbst that there was no videotape of the incident available. Accordingly, the CAB considered all relevant evidence in reaching its decision. This claim is therefore denied.

## C.     *Impartiality of the CAB and the Appeals Process*

Herbst alleges that he was deprived of an impartial CAB hearing and appeals process. Herbst says he tried to explain that the incident was a result of horseplay or an accident. (Pet.'s Traverse at 6-7.) But because the CAB, the facility head, and the final reviewing authority didn't believe him, according to Herbst, they were not impartial.

It is clear that prisoners have a due process right to an impartial decision maker. *See, e.g., Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002); *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983); *Redding v. Fairman*, 717 F.2d 1105, 1112-113 (7th Cir. 1983). For example in *Merritt*, the court held that if an official is substantially involved in the investigation of the charges against an inmate, the due process requirement of impartiality mandates the

disqualification of that official.  *Merritt*, 721 F.2d at 601.  "Tangential involvement" in the investigation, however, does not disqualify an officer from sitting on the adjustment committee.  *Id.*

In this case, Herbst argues that the CAB chairperson would not accept the idea that the incident could be accidental, and that the hearing should have been postponed until a statement from Stevens and the videotape could be obtained.  (Pet.'s Traverse at 6.)  But Herbst has not shown that the CAB chair or any other CAB members were in any way biased against him and therefore not impartial.  Herbst does not contend that the CAB has some ulterior reason to find him guilty – for example, that board members were involved in the incident underlying the disciplinary hearing.  *See Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).  The statement from Stevens was obtained and considered, and there was no videotape requested or available.  The simple fact that the CAB did not believe his claim of horseplay does not mean that his constitutional rights were violated.  None of Herbst's allegations establish that the CAB, the facility head, or the final reviewing authority was not impartial.

## IV.  CONCLUSION

For all the reasons stated, and because none of Herbst's constitutional rights have been violated, this Petition for relief under 28 U.S.C. §2254 is **DENIED**.

Furthermore, Respondent's Motions of Substitution of Counsel [DE 9 and DE 15] are **DENIED AS MOOT**.  Respondent's Fourth Motion for Enlargement of Time [DE 17] is

**DENIED AS MOOT**.  Respondent's Motion for Leave to Submit Evidence under Seal [DE 20]

is **DENIED AS MOOT**.

> **SO ORDERED.**
>
> ENTERED: October 26, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
